**SARNES et al. v. MORLEY.**

No. 3705.

District Court, E. D. Michigan, S. D.

Aug. 10, 1944.

Gray & Smith, of Detroit, Mich., for plaintiff.

Swan, Frye & Hardesty, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

Findings of Fact

1. This is an action brought in accordance with the provisions of Section 4915 of the Revised Statutes of the United States, 35 U.S.C.A. § 63. United States Letters Patent No. 2,213,033 for a rear view automobile mirror were issued to defendant Charles E. Morley on August 20, 1940, on an application filed May 17, 1939. On October 4, 1940, plaintiff Lowell F. Sarnes filed an application for a patent on the same device, filing a claim identical in language with claim 2 of the Morley patent. Plaintiff Sarnes assigned his entire interest in his alleged invention and his application to the Monarch Governor Company, one of the plaintiffs herein. Hereafter, the individual plaintiff will be referred to as Sarnes and the defendant as Morley.

2. On December 13, 1940, Interference No. 78,929 was declared between Sarnes and Morley. Extensive hearings were held, much testimony taken and each of the parties introduced numerous exhibits to support their respective claims. The Patent Office Examiner awarded priority to Morley. Thereupon Sarnes took an appeal and after further hearing the Board of Inter-

ference Examiners (hereinafter called the Board) sustained the action of the Interference Examiner. All of the evidence offered and received in the Patent Office was received in evidence in the hearing before this court and some additional evidence was offered by both parties.

3. The Board filed a lengthy opinion of 18 typewritten pages which contains, intermingled with a discussion of the evidence and the law applicable to the case, the following findings of fact: (a) Sarnes conceived his invention which was covered by the count in interference on October 15, 1938, as disclosed by his drawing, Exhibit 6; (b) Exhibit 7, which embodied the invention in use, was constructed by Sarnes prior to November 4, 1938, and was attached to his automobile on that date; (c) Exhibit 129, which likewise included all of the elements of the invention, involved in the interference count, was constructed by Morley on November 13, 1938; (d) neither party reduced his invention to practice prior to the date of his application for patent; (e) for the reason that there was no reduction to practice by either party prior to the date of patent application and Morley having first filed his application, priority of invention was awarded to Morley.

4. It is the claim of the plaintiff that the Patent Office Examiners erroneously concluded that the construction of Exhibit 7, and the attachment of this device to the automobile and its use, did not constitute a reduction to practice. In order to establish his theory he offered evidence that it was unnecessary to submit the simple device disclosed in the patent application to such a road test. He also claimed that the finding of the Patent Officer Examiners that he did not subject his device to a road test was not supported by the evidence.

5. In the opinion of the Board an attempt was made to summarize some of the evidence on which the Board based its decision. It is true that the opinion emphasizes the absence of a road test, but it would be improper to conclude that this was the only evidence upon which the decision that the plaintiff was not diligent in reducing his invention to practice was based. The printed record in the Patent Office consisted of over 800 printed pages. Each party likewise offered in evidence a large number of paper and physical exhibits. An examination of the record discloses that there was much evidence not summarized in the opinion to support the Patent Office finding of lack of diligence on the part of the plaintiff.

The burden of proof rested upon Sarnes to establish to the satisfaction of the examiners of the Patent Office that he was not only the first to conceive the invention but also that he was the first to reduce it to practice. In passing upon this question of fact, it was the duty of the Examiners to pass upon the credibility of the witnesses and the weight to be given to their testimony. The additional evidence offered at the hearing in this court did not in any way discredit the findings of the Patent Office as to priority of invention. There was ample evidence offered in the Patent Office to support its decision as to priority of invention and that decision was fully justified by the record.

### Conclusions of Law

█ 1. This is an action arising under the patent laws of the United States and this court has jurisdiction. 28 U.S.C.A. § 41(7).

█ 2. The validity of the Morley patent is not in issue in these proceedings. Cleveland Trust Co. v. Berry, 6 Cir., 99 F.2d 517.

█ 3. The question of priority of invention is one of fact. The decision of the Patent Office must be accepted as controlling unless the contrary is established by testimony which in character and amount carries thorough conviction. Cleveland Trust Co. v. Berry, supra.

█ 4. More than a mere preponderance of the evidence is necessary to justify this court in a reversal of the Patent Office findings.

"(An action under Section 4915 R.S.) is something in the nature of a suit to set aside a judgment, and, as such, is not to be sustained by a mere preponderance of evidence. * * * It is a controversy between two individuals over a question of fact which has once been settled by a special tribunal, intrusted with full power [and eminently qualified] in the premises." Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 773, 38 L.Ed. 657.

█ 5. The evidence submitted in this case is not of a character nor sufficient to produce a clear conviction that the Patent Office was clearly erroneous in awarding

priority of invention to defendant and it follows that the complaint must be dismissed, and a judgment is being entered herewith dismissing the complaint, with costs to defendant.